IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA EUGENE ESTES                                                                                      PLAINTIFF
ADC #150891

v.                                               4:23-cv-00441-JM-JJV

TELICIA C. MOTHERSHED,
CO/Sergeant, VSM, ADC; *et al.*                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Joshua Eugene Estes ("Plaintiff") is a prisoner in the Varner Super Max Unit of the Arkansas Division of Correction. He has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983.

**II.    SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.     PLAINTIFF'S COMPLAINT

Plaintiff alleges that on January 6, 2023, Corporal Edwina S. Sherman and Disciplinary Judge Keith Waddle violated his due process rights when they wrongfully charged him with and found him guilty of false disciplinary charges that resulted in him spending twenty-eight days in punitive isolation, a reduction in class, the loss of twenty-one days of good time credits, and the suspension of commissary, phone, and visitation privileges for sixty days. (Doc. 2 at 6, 10, 16, 18.) Plaintiff also makes the same allegation against Sergeant Telicia C. Mothershed and Disciplinary Judge Waddle regarding his April 13, 2023 disciplinary conviction that resulted in him spending thirty days in punitive isolation, a reduction in class, and the suspension of his commissary, phone, and visitation privileges for sixty days. (*Id.*) As relief, Plaintiff seeks the reversal of both disciplinary convictions and monetary damages. (*Id.*)

Prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings <u>only</u> if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Prisoner have a liberty interest in avoiding temporary placement in punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019). Plaintiff has not pled any facts suggesting the conditions in punitive isolation were an atypical or significant hardship, and the Eighth Circuit

has held confinement in punitive isolation for much longer than the twenty-eight and thirty-days endured by Plaintiff do not give rise to a liberty interest. *See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges. *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011).

Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his April 13, 2023 disciplinary proceedings. Accordingly, he has failed to plead a plausible § 1983 claim for relief against Defendants Mothershed and Waddle in regard to that disciplinary conviction. Consequently, this claim should be dismissed without prejudice.

In contrast, Plaintiff may have a liberty interest in the earned good time credits that were taken as a result of his January 6, 2023 disciplinary conviction.[1] But, even assuming he did, the proper vehicle for restoring his lost good time credits is a federal habeas action, after exhausting all available remedies in state court. *See Edwards v. Balisok,* 520 U.S. 641, 645-48 (1997);

---

[1] "The Due Process Clause itself does not create a liberty interest in credit for good behavior." *Sandin,* 515 U.S. at 477. But, the state's particular statutory scheme may create a federally protected right, or "liberty interest," in earning and maintaining good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974); *Sandin,* 515 U.S. at 477-79. The Arkansas Supreme Court has held that Arkansas statutes do not create a federally protected liberty interest in earning or maintaining good time credits. *Crawford v. Cashion*, 361 S.W.3d 268, 273 (Ark. 2010); *McKinnon v. Norris*, 31 S.W.3d 725, 729-730 (Ark. 2006). But, federal courts, which have the final say in interpreting the Constitution, have not yet ruled on the matter. *See Baker v. Carr*, 369 U.S. 186, 211 (1962).

*Portley-El*, 288 F.3d 1063, 1066 (8th Cir. 2002). Importantly, that holding applies even when a prisoner seeks damages, in lieu of or in addition to, the restoration of good time credits. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). Thus, Plaintiff's due process claim against Defendants Sherman and Waddle regarding the January 6, 2023, disciplinary conviction should also be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 15th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] *Armentrout v. Tyra*, 175 F.3d 1023, *1 (8th Cir. 1999) (unpublished decision) (dismissal under *Heck* was properly construed as a strike under § 1915(g)).